IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**F.H., by his next friend SANDRA FAY HALL, and SANDRA FAY HALL, individually,**

        **Plaintiffs,**

v.                                                                                  No. 2:12-cv-02312

**MEMPHIS CITY SCHOOLS, DR. VINCENT J. HUNTER, WALTER BANKS, DR. PATRICIA TOARMINA, PAT BEANE, MALICA JOHNSON,**

        **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY DISCOVERY, GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL, AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO AMEND THE RULE 16(b) SCHEDULING ORDER**

Before the Court are Defendants' Motion for Protective Order and Motion to Stay Discovery (Docket Entry "D.E." #25), Plaintiffs' Motion to Compel (D.E. #27), and Plaintiffs' Motion to Amend the Rule 16(b) Scheduling Order (D.E. #28). The instant motions were referred to the Magistrate Judge for determination.

The two central issues presented in these three motions are as follows: (1) whether Defendants should be required to produce Rule 26(a)(1) disclosures or respond to Plaintiffs' First Set of Interrogatories and Requests for Production before the resolution of Defendants' pending

1

Motions to Dismiss[1]; and (2) whether the Scheduling Order needs to be amended to account for the time that will be necessary to resolve Defendants' Motions to Dismiss.

With respect to the Rule 26(a)(1) disclosures, the Scheduling Order entered on August 24, 2012 required that these disclosures be completed by September 12, 2012. Defendants did not request an extension for the Rule 26(a)(1) disclosures at any time before the deadline passed. Accordingly, the request may only be granted based upon excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Upon review of whether such excusable neglect exists, the Court notes that Defendants had challenged the Court's jurisdiction before agreeing to this deadline. Specifically, Defendants filed their initial Motion to Dismiss Plaintiff's Complaint on June 22, 2012 for lack of jurisdiction and failure to state a claim upon which relief may be granted. Yet while Defendants' had already raised such challenges to Plaintiffs' Complaint, they agreed to the September 12, 2012 deadline and did not raise the issue of delaying the Rule 26(a)(1) requests until they filed the instant motion on December 4, 2012—nearly three months after the deadline had passed. As such, Defendant's Motion for Protective Order and Motion to Stay Discovery as to the Rule 26(a)(1) disclosures is DENIED and Plaintiff's Motion to Compel as to the Rule 26(a)(1) disclosures is GRANTED.

With respect to Plaintiffs' First Set of Interrogatories and Requests for Production, the current deadline for such production is March 29, 2013. Defendants filed their Motion for Protective Order on December 4, 2012, which was well in advance of the passing of the deadline. Accordingly, the Court may extend the time upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A).

---

[1] Defendants initially filed a Motion to Dismiss the Complaint (D.E. #17) on June 22, 2012. Plaintiffs filed an Amended Complaint on July 13, 2012 pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. On August 3, 2012, Defendants filed a Motion to Dismiss Amended Complaint. (D.E. #20). Both motions are currently pending and have been referred to the Magistrate Judge for Report and Recommendation. (D.E. #29).

Defendants argue that their Motions to Dismiss raise challenges to the Court's jurisdiction under Rule 12(b)(1) and that they should not be required to respond to discovery requests until that issue is resolved. Defendants further argue that Plaintiffs would not suffer substantial prejudice if the jurisdictional issue were determined before discovery proceeded. The Court agrees with Defendants that a challenge to the Court's jurisdiction at this early stage in the litigation constitutes good cause to delay the discovery process. Accordingly, Defendant's Motion for Protective Order and Motion to Stay Discovery as to the First Set of Interrogatories and Requests for Production is GRANTED and Plaintiff's Motion to Compel as to the First Set of Interrogatories and Requests for Production is DENIED.

Finally, Plaintiff requests that the remaining dates in the Scheduling Order be extended and that the new deadlines be set from the date of the resolution of Defendants' Motions to Dismiss. The Court finds that, rather than setting deadlines at this time contingent upon the resolution of the motion to dismiss, a Scheduling Conference should be held following the entry of the order on the Motions to Dismiss. Until that time, all deadlines are stayed pending the resolution of the Motions to Dismiss. The Magistrate Judge will set the Scheduling Conference within two weeks of the entry of the District Court's Order on the Motions to Dismiss. At that time, the Court may consider the necessity and length of any such extensions. Accordingly, Plaintiff's Motion to Amend the Rule 16(b) Scheduling Order is DENIED without prejudice.

In conclusion, the Magistrate Judge recommends that Defendant's Motion for a Protective Order and Motion to Stay Discovery (D.E. #25) be DENIED as to the Rule 26(a)(1) disclosures but GRANTED as to the First Set of Interrogatories and Requests for Production. The Magistrate Judge recommends that Plaintiffs' Motion to Compel be GRANTED as to the Rule 26(a)(1) disclosures

but DENIED as to the First Set of Interrogatories and Requests for Production. The Magistrate Judge recommends that Plaintiffs' Motion to Amend the Rule 16(b) Scheduling Order be DENIED without prejudice.

**IT IS SO ORDERED** this 12th day of March, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
