IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| F.H., by his next friend SANDRA FAY HALL, and SANDRA FAY HALL, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:12-cv-02312-JTF-cgc |
| MEMPHIS CITY SCHOOLS, DR. VINCENT J. HUNTER, WALTER BANKS, DR. PATRICIA TOARMINA, PAT BEANE, and MALICA JOHNSON, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOOT
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED
COMPLAINT**

Before the Court is Defendants' Memphis City Schools, et al., Motion to Dismiss Complaint (D.E. #17), filed on June 22, 2012, pursuant to Fed. R. Civ. P. 12(b)(1); and Defendants' Motion to Dismiss Plaintiffs' F.H., et al., Amended Complaint (D.E. #20), filed on August 3, 2012, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). On February 20, 2013, these Motions were referred to the Magistrate for Report and Recommendation. (D.E. #29). On April 24, 2013, the Magistrate entered her Report and Recommendation, recommending that Defendants' Motion to Dismiss the Complaint should be denied as moot and that Defendants' Motion to Dismiss the Amended Complaint should be granted. (D.E. #35). Plaintiff filed their Objections to the Magistrate's Report and Recommendation on May 8, 2013. (D.E. #36), to which Defendant's responded on June 12, 2013. (D.E. #39). After reviewing the Magistrate's

1

Report and Recommendation, Plaintiffs' Objections, Defendants' Response, and the entire record, this Court finds that the Objections should be overruled and the Magistrate's Report and Recommendation should be adopted in its entirety. Thus, Defendants' Motion to Dismiss Complaint is DENIED as MOOT and Defendants' Motion to Dismiss Amended Complaint is GRANTED.

I. **LEGAL STANDARD**

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

I.   ANALYSIS

The Magistrate Judge properly found that Defendants' Motion to Dismiss the Complaint should be denied as moot and Defendants' Motion to Dismiss the Amended Complaint should be granted.  The Magistrate correctly found that: (1) the allegations brought against Defendants under federal law could have been brought under the Individuals with Disabilities Education Act (IDEA); (2) Plaintiffs' claims that accrued from 2002 through August 9, 2011 are barred by the provisions of the Settlement Agreement and should be dismissed with prejudice; (3) Plaintiffs' claims that accrued after the parties entered into the Settlement Agreement are subject to the administrative exhaustion requirements of the IDEA and should be dismissed without prejudice; (4) Plaintiffs' Amended Complaint should be dismissed without prejudice based upon Plaintiff's failure to exhaust their administrative remedies; (5) claims against the individual Defendants for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and retaliation under both acts should be dismissed with prejudice; and (6) Plaintiffs' state law claims of Outrageous conduct, Intentional Infliction of Emotional Harm, and Breach of Contract should be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiffs filed their Objections to the Magistrate's Report and Recommendation on May 8, 2013.  (D.E. 36).  First, Plaintiffs argue that the Magistrate erred in finding that Plaintiffs' claim, pursuant to Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, in their Amended Complaint falls under the scope of the IDEA.  Plaintiffs contend that *Sagan v. Sumner Cnty Board of Educ.*, the persuasive source of authority the Magistrate Judge relied upon for finding that Plaintiffs' claims should be brought under the IDEA, is distinguishable from the case at hand.

Second, Plaintiffs object to the finding that Plaintiffs' claims in their Amended Complaint that occurred after the parties entered into the Settlement Agreement require administrative exhaustion. Plaintiffs argue that because there is no Sixth Circuit precedent regarding this issue, the Magistrate should have weighed all opinions equally from other Circuit courts and District courts with precedent on the issue of whether or not a breach of settlement agreement must be exhausted prior to filing a lawsuit. Plaintiffs especially highlight decisions from the Second, Third, and Fifth Circuits and various districts that have held contrary to the Magistrate's recommendation.

Third, Plaintiffs believe the Magistrate erred in finding that the Settlement Agreement bars Plaintiffs' claims that accrued from 2002 to August 2011. Plaintiffs argue that dismissing all the claims with prejudice that preceded the Settlement Agreement, disregards the basics of contracts law and affronts the purpose of the public policy goal of fostering settlements in due process matters. Plaintiffs argue that all contracts must have consideration and that when one party materially breaches the contract, as Defendants allegedly did here, the other party's performance is excused.

Fourth, Plaintiffs contend that the Magistrate incorrectly found that Plaintiffs failed to show the futility of pursuing the administrative process prior to filing their complaint. Plaintiffs argue that any decision made in a due process hearing would have been too late to provide any educational benefit or compensation, and thus would be futile and inadequate for Plaintiffs. Last, Plaintiffs did not object to the Magistrate's finding that the claims against the individual Defendants for violations of Section 504; the ADA and its regulations, 28 C.F.R. Parts 35 and 36; and retaliation under the ADA and Section 504 should be dismissed with prejudice.

On June 12, 2013, Defendants filed their Response in Opposition to Plaintiffs' Objections (D.E. #39), and a Supplemental Response in Opposition on June 14, 2013 (D.E. #40). Defendants' Responses argued that the Magistrate did not err in her findings and that the case authorities and reasoning that the Magistrate relied upon are persuasive and well founded.

The Court has reviewed the Magistrate Judge's Report and Recommendation, the Magistrate's legal analysis, Defendants' Motion, Plaintiffs' Response, Plaintiffs' Objections, Defendants' Response in Opposition to Plaintiff's Objections, and the entire record. Finding the Magistrate's analysis of the relevant case authorities and application of facts persuasive, the Court hereby ADOPTS the Magistrate's Report and Recommendation.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint is DENIED as MOOT; Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is GRANTED; Plaintiffs' 2002 through August 9, 2011 claims are DISMISSED with prejudice; and Plaintiffs' claims that accrued after the parties entered into the Settlement Agreement are DISMISSED without prejudice.

IT IS SO ORDERED this 12th day of August, 2013.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge